## CHRISTOPHER C. WATSON, RESPONDENT, *v.* SAMUEL F. COWDREY AND FRANK H. COWDREY, APPELLANTS.

*Former judgment—when it does not bar a second action—measure of damages for the conversion of abstracts of title.*

In an action brought by the Cowdreys against one Watson, to recover the value of legal services rendered by the former, Watson set up as a counter-claim that the Cowdreys had retained possession of and ·refused to sur-render up certain abstracts of title, and searches belonging to him. Upon the trial, upon Cowdrey's objecting to the counter-claim, on the ground that it was founded upon a tort, and did not grow out of the same trans-action upon which their claim was founded, the court, with the consent of Watson, struck out the counter-claim, and thereafter a judgment was rendered in that action in favor of Watson.

This action was brought by Watson against the Cowdreys, to recover damages for the conversion of the said abstracts.

*Held,* that the former judgment was not a bar to the maintenance of this ac-tion, and that he was properly allowed to recover as damages the cost of procuring other searches, similar to those so detained.

APPEAL from a judgment of the County Court of Kings county, affirming a judgment of the justice's court of the city of Brook-lyn, in favor of the plaintiff. The action was brought to recover damages for the conversion of certain searches and abstracts of title belonging to the plaintiff. The defense was that the claim had already been adjudicated upon in another action between the same parties.

It appeared that the defendants, claiming that the plaintiff was indebted to them for legal services rendered in the examination of the title to a piece of real estate owned by the plaintiff, and on which it was alleged he desired to procure a loan, had brought an action to recover for such services. The plaintiff defended that action, denying his liability, and also setting up, as a counter-claim, the fact that the plaintiffs (now defendants) had retained possession of and refused to surrender his searches and abstract, and had, in fact, converted them to their own use. To this counter-claim a reply was made, but on the trial the present defendants (plaintiffs in that action) objected to any evidence being given to sustain the counter-claim, on the ground that the matter alleged in the counter-

claim was on a *tort*, and could not be tried along with a cause of action based on a *contract*. The court sustained that view of the case, ordered the counter-claim to be stricken out.

This plaintiff, then the defendant, succeeded in that action.

He then brought this suit for the conversion of his searches and abstract, and on the trial it was claimed that the proceedings had in the Supreme Court in the suit in which the present plaintiff was defendant, had barred this second suit.

*S. F. Cowdrey*, for the appellant.

*Jesse Johnson*, for the respondent.

BARNARD, P. J.:

The defense of former adjudication is not made out. The defendants brought an action for legal services against the present plaintiff in the Supreme Court. The answer set up as a counter-claim that the present defendants had refused to deliver up to plaintiff searches belonging to him on demand.

On the trial in the Supreme Court proof of the conversion of these searches was excluded under objection by the defendants, the then plaintiffs: 1st, because it was a counter-claim for a tort; and, 2d, because it did not grow out of the same transaction from which the then plaintiff's claim arose. The counsel for the present defendants consented to the withdrawal of the counter-claim, and the judge thereupon struck it out. The present claim was not litigated. It was not even pleaded, as the pleadings are those portions only which remained after the withdrawal of the counter-claim by consent and by the ruling of the court. The retention of the searches claimed in this action had no relevancy on the former action. If Watson owed the Cowdreys they could retain the papers until paid. The action for services determined, therefore, the question of conversion. The retention of the searches did not defeat the action for services.

The measure of damages was a proper one. The court allowed the exact costs of procuring another search similar to the one detained. The defendant's wrongful act occasioned this loss to plaintiff, and the judgment only made reparation.

The judgment should be affirmed, with costs.

GILBERT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.